UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:15-cv-02038-JA-KRS

**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK**,

    Plaintiff,

v.

**TAYLOR MORRISON HOME FUNDING, LLC,**

    Defendant.

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR A JURY TRIAL

Defendant, Taylor Morrison Home Funding, LLC ("Taylor Morrison"), files its Answer, Affirmative Defenses, and Demand for a Jury Trial in response to the Complaint filed by Plaintiff, Federal Deposit Insurance Corporation as Receiver for AmTrust Bank.

## ANSWER

## INTRODUCTION[1]

1. Admitted that this action is brought against Taylor Morrison. Denied that Taylor Morrison breached the two Mortgage Correspondent Loan Purchase Agreements (the "Agreements").

2. The allegation made in the first sentence is denied. Denied as stated as to the remaining allegation.

## JURISDICTION AND VENUE

3. Admitted that this Court has jurisdiction over this action.

---

[1] To the extent Plaintiff's subject headings purport to assert any factual allegations, the same are denied.

    4.       Admitted that venue in this district is proper.

## THE PARTIES

    5.       Upon information and belief, admitted. Denied that Plaintiff suffered damages resulting from the conduct of Taylor Morrison. Denied that Plaintiff has standing to prosecute this action as AmTrust's receiver.

    6.       Admitted that Taylor Morrison's principal place of business is in Maitland, Florida, but denied as stated that Taylor Morrison is a Florida corporation. The allegation made in the second sentence is admitted.

## THE 2002 AGREEMENT

    7.       Admitted that in 2002, AmTrust and Taylor Morrison entered into a Master Correspondent Loan Purchase Agreement (the "2002 Agreement"). The 2002 Agreement, in its entirety, speaks for itself. Each of Plaintiff's characterizations of it is denied.

    8.       The 2002 Agreement, in its entirety, speaks for itself.

    9.       The 2002 Agreement, in its entirety, speaks for itself.

    10.      Denied as stated.

## THE 2007 AGREEMENT

    11.      Admitted that in 2007, AmTrust and Taylor Morrison entered into a Master Correspondent Loan Purchase Agreement, which incorporated by reference AmTrust's Seller's Guide (the "2007 Agreement"). The 2007 Agreement, in its entirety, speaks for itself. Each of Plaintiff's characterizations of it is denied.

    12.      The 2007 Agreement, in its entirety, speaks for itself.

    13.      The 2007 Agreement, in its entirety, speaks for itself.

    14.      The 2007 Agreement, in its entirety, speaks for itself.

    15.      The 2007 Agreement, in its entirety, speaks for itself.

16. The 2007 Agreement, in its entirety, speaks for itself.

17. Denied as stated.

## COUNT I
## BREACH OF CONTRACT
## (ANDREWS LOANS)

18. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 17 above as though they were fully set forth in this response to Plaintiff's Complaint.

19. Upon information and belief, admitted.

20. The allegations in paragraph 20 consist solely of legal conclusions, which are denied.

21. Denied.

22. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Andrews Loans defaulted, and therefore denies same.

23. Admitted that on or about August 28, 2014, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Andrews Loans. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2002 Agreement.

24. Denied.

25. Denied.

26. Denied.

## COUNT II
## BREACH OF CONTRACT
## (BONGART LOAN)

27. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 26 above as though they were fully set forth in this response to Plaintiff's Complaint.

28. Upon information and belief, admitted.

29. The allegations in paragraph 29 consist solely of legal conclusions, which are denied.

30. Denied.

31. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Bongart Loan defaulted, and therefore denies same.

32. Admitted that on or about May 18, 2011, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Bongart Loan. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2002 Agreement.

33. Denied.

34. Denied.

35. Denied.

## COUNT III
## BREACH OF CONTRACT
## (CORNELIUS LOANS)

36. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 35 above as though they were fully set forth in this response to Plaintiff's Complaint.

37. Upon information and belief, admitted.

38. The allegations in paragraph 38 consist solely of legal conclusions, which are denied.

39. Denied.

40. Denied.

41. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Cornelius Loans defaulted, and therefore denies same.

42. Admitted that on or about September 4, 2015, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Cornelius Loans. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2002 Agreement.

43. Denied.

44. Denied.

45. Denied.

### COUNT IV
### BREACH OF CONTRACT
### (SHAW LOANS)

46. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 45 above as though they were fully set forth in this response to Plaintiff's Complaint.

47. Upon information and belief, admitted.

48. The allegations in paragraph 48 consist solely of legal conclusions, which are denied.

49. Denied.

50. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Shaw Loans defaulted, and therefore denies same.

51. Admitted that on or about September 10, 2013, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Shaw Loans. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2002 Agreement.

52. Denied.

53. Denied.

54. Denied.

## COUNT V
## BREACH OF CONTRACT
## (SINGH LOAN)

55. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 54 above as though they were fully set forth in this response to Plaintiff's Complaint.

56. Upon information and belief, admitted.

57. The allegations in paragraph 57 consist solely of legal conclusions, which are denied.

58. Denied.

59. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Singh Loan defaulted, and therefore denies same.

60. Admitted that on or about September 10, 2013, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Singh Loan. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2002 Agreement.

61. Denied.

62. Denied.

63. Denied.

## COUNT VI
## BREACH OF CONTRACT
## (STORMS LOAN)

64. Taylor Morrison re-alleges and incorporates its responses to paragraphs 1 through 63 above as though they were fully set forth in this response to Plaintiff's Complaint.

65. Upon information and belief, admitted.

66. The allegations in paragraph 66 consist solely of legal conclusions, which are denied.

67. Denied.

68. Taylor Morrison is presently without knowledge sufficient to admit or deny whether the Storms Loan defaulted, and therefore denies same.

69. Admitted that on or about September 4, 2015, the Mortgage Recovery Law Group on behalf of the Plaintiff issued a Notice of Claim with regard to the Storms Loan. Denied that the Notice of Claim was justified or accurate. Denied that Taylor Morrison failed and refused to perform any obligations under the 2007 Agreement.

70. Denied.

71. Denied.

72. Denied.

## RELIEF SOUGHT

Taylor Morrison denies that it is liable to Plaintiff for any reason or that Plaintiff is entitled to any relief whatsoever from Taylor Morrison, and specifically denies that Plaintiff is entitled to the relief sought in the Wherefore clause following paragraph 72 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by one or more applicable statute(s) of limitations and/or statute(s) of repose.

3. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages, including, but not limited to, the failure to sell the property for its full value and/or Plaintiff's failure to timely notify Taylor Morrison of any default or foreclosure and/or Plaintiff's failure to pay the alleged upstream loan purchaser only what was actually due, if anything was due at all.

4. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches and waiver.

5. Plaintiff's claims are barred because the borrowers were apparently released from liability without notice to Taylor Morrison.

6. Plaintiff's claims are barred in whole or in part because it did not seek recovery first from the borrower, insurer and/or servicer.

7. Plaintiff's claims are barred in whole or in part because a condition precedent was not met in that Plaintiff was not legally obligated to pay the entities that purchased the loans all or part of the amounts Plaintiff claims it paid to those loan purchasers.

8. Plaintiff's claims are barred in whole or in part by Plaintiff's breach of the covenant of good faith and fair dealing in that Plaintiff failed to timely notify Taylor Morrison of any default and foreclosure and because of Plaintiff's decision to pay the loan purchasers more than what Plaintiff was contractually obligated to pay.

9. Plaintiff's claims are barred in whole or in part because it would have funded or acquired the loans even if it knew about the alleged deficiencies in the loan documents, and any alleged deficiencies were not material.

10. Plaintiff's claims are barred in whole or in part because it failed to join an indispensable party, namely the borrower, the servicer, and/or the insurer.

11. Plaintiff's claims are barred or reduced under the doctrine of unclean hands.

12. Plaintiff's claims are barred due to a lack of standing or because it is not the real party in interest herein.

13. Plaintiff set the standards for all required underwriting for the loans in question and unilaterally determined the requirements for the loan programs offered to the borrowers and what would not be verified. By way of example only, Plaintiff determined what information

Case 6:15-cv-02038-JA-KRS   Document 8   Filed 01/28/16   Page 9 of 11 PageID 42

Case No.: 6:15-cv-02038-JA-KRS

provided by the borrowers would be verified. Taylor Morrison relied on the Plaintiff's instructions and underwriting policies and refrained from actions deemed unnecessary or unauthorized by Plaintiff.

14. Plaintiff's pleading omits substantial, material portions of the alleged Agreements upon which it is suing.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

16. The alleged acts giving rise to this Complaint were caused by the acts and/or omissions of unnamed third parties, from whom Taylor Morrison will seek apportionment and/or indemnity for any damage suffered by Plaintiffs.

17. Plaintiff failed to adequately plead and/or allege any actual or proximate cause between the alleged acts or omissions of Taylor Morrison and Plaintiff's purported losses.

18. Plaintiff breached its obligations to Taylor Morrison under the Agreements by its acts and/or omissions, and is thus barred from recovery.

19. The Agreements as now alleged and characterized by Plaintiff are unconscionable and cannot be enforced.

20. Taylor Morrison's performance has been discharged and excused by Plaintiff's conduct in the transactions alleged including but not limited to the non-recourse disposition of the borrowers' collateral.

21. Plaintiff is barred from recovery of any deficiency over the amount collected for its failure to comply with the terms of the Agreements and applicable law.

22. By its conduct, Plaintiff consented to, confirmed and ratified the transactions, borrower data and documentation now complained of and is thereby precluded from recovery.

23. Plaintiff's own actions and omissions were the proximate cause of any "loss" that it suffered, and it thus has no basis for claiming to seek "indemnification" from Taylor Morrison.

24. Plaintiff did not fulfill conditions precedent to a claim of indemnification.

25. In setting the underwriting criteria and loan submission instructions and in subsequently servicing the loans after funding, Plaintiff and its agents acted in an incompetent and reckless manner in purporting to "shift" unbargained-for risk of loss to Taylor Morrison. Such acts and omissions by Plaintiff constitute a breach of its covenant of good faith and fair dealing and a failure of consideration.

26. In approving or disapproving each loan application, Plaintiff assumed the risk of any damages that might flow from its judgment in any particular case being unwise in retrospect.

27. In each instance, Plaintiff failed to notify Taylor Morrison of the alleged breach by the borrower or an alleged breach by Taylor Morrison of the alleged Agreements until years afterwards and not until Plaintiff had fully disposed of all collateral to Taylor Morrison's prejudice.

28. Because the Complaint is couched in conclusory terms, Taylor Morrison presently has insufficient knowledge or information upon which to form a belief as to additional and as yet unstated affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Taylor Morrison demands a trial by jury for all triable issues.

Case No.: 6:15-cv-02038-JA-KRS

Dated: January 28, 2016.

                         Respectfully Submitted,

                         **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
                         *Attorneys for Taylor Morrison Home Funding, LLC*
                         1450 Brickell Avenue, Suite 2300
                         Miami, Florida 33131-3456
                         Telephone: (305) 374-7580
                         Facsimile: (305) 374-7593

                         By: */s/ Joseph Mamounas*
                              Joseph Mamounas (FBN 41517)
                              jmamounas@bilzin.com
                              pstein@bilzin.com
                              anarula@bilzin.com
                              etrujillo@bilzin.com
                              eservice@bilzin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of January, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

                                            */s/ Joseph Mamounas*
                                            Joseph Mamounas

MIAMI 4887295